**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Preferred Concrete & Excavating Inc. | ) | No. 16-81114 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Thomas M. Lynch |
| | ) | |

**NOTICE OF MOTION**

**To: Attached Service List**

      PLEASE TAKE NOTICE that on August 25, 2017 at 11:00 a.m., or a soon thereafter as Counsel may be heard I shall appear telephonically before the Honorable Judge Thomas M. Lynch or any other Judge sitting his stead, in Courtroom 3100, at The US Courthouse, 327 South Church Street, Rockford, IL 61101 shall there and then present Reorganized Debtor's Motion for Final Decree pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you. **The Motion attaches a Group Exhibit showing Plan Payments made on the Effective Date. If you are a creditor and did not receive a payment you expected on the "Effective Date" as set forth in the Debtor's Chapter 11 Plan/Disclosure Statement, please advise the undersigned attorneys for the Debtor IMMEDIATELY.**

      **TAKE FURTHER NOTICE** that a hearing to consider approval of the Debtor's Motion For Final Decree will be held on **August 25, 2017** at 11:00 a.m., before the Honorable Judge Thomas M. Lynch or any Judge sitting in his stead, in Courtroom 3100 of the United States Bankruptcy Court, or any other courtroom therein, 327 South Church Street, Rockford, IL 61101. You are welcome, but not required, to attend this hearing.

                                                                   /s/   O. Allan Fridman

**CERTIFICATE OF SERVICE**

I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by mail on August 4, 2017.

                                                                   /s/   O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062 847-412-0788 (6274954)

## SERVICE LIST

By ECF Filing and Mail:

Patrick S Layng,
Office of the U.S. Trustee
Region 11
780 Regent Street Suite 304
Madison, WI 53715
USTPRegion11.MD.ECF@usdoj.gov
Carole Ryczek, Trial Attorney
Region 11
Office of The United States
Trustee
780 Regent Street Suite 304
Madison, WI 53715

Patrick T. Wallace
Office of Fund Counsel
111 W. Jackson Blvd. Suite 1415
Chicago, IL 60604

wallace.patrick@gmail.com
Office of the U.S. Trustee

Kelly Carson
Laborers' Pension Welfare Funds
111 W Jackson Blvd, Suite 1415
Chicago, IL 60604
kellyc@chilpwf.com

Kim M. Casey
Holmstrom & Kennedy
800 N. Church Street
Rockford, IL 61103
kcasey@holmstromlaw.c

Richard A. Toth

Central Laborers' Pension Fund
Daley and Georges, Ltd.
20 S. Clark St., Suite 400
Chicago, IL 60603-1835
(312) 726-8797
(312) 726-8819 (fax)
rtoth@daleygeorge.com

Todd Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive
Chicago, IL 60604
(773) 529-2853 f
tam@alloccomiller.com Gerald and Connie Hartman
PO Box 696
Freeport, IL 61032

### VIA Mail,

Fox Valley & Vicinity Construction
C/O Baum Sigman Auerbach & Neuman,
200 West Adams Street
Chicago, IL 60606
cchapman@baumsigman.com
312-236-0241

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
PO Box7317

Philadelphia, PA 19101-7343

AL & BRIDGET SHERIFF
801 S. GREENFIELD DRIVE
Freeport, IL 61032

American Express
P.O. Box 981537
El Paso, TX 79998

B. B. SERVICE CO.
P.O. BOX 510037
New Berlin, WI

Bobcat Of Rkfd.
5925 Wheeler Rd.
Cherry Valley, Il 61016

Brokhausen Consul
131 N Bolton Road
Freeport, Il 61032

Butitta Bros.
1334 W. Galena Ave.
Freeport, Il 61032

Carpenters Pension Fund Of Illinois
28 N 1st Street
Geneva, Il 60134

2

Cement Masons' Union, Local 502,
Savings Fund, Welfare, Pension
P.O. Box 71650
Chicago, Il 60694

Central Laborers
201 N Main St
Po Box 1267
South Willington, Ct 06265-1000

Const. Testing Serv
P.O. Box 8006
Elburn, Il 60119

Countryman, Inc.
Po Box 2302
Loves Park, Il 61131

D. & D. Penticoff
253 W. Cleveland St
Freeport, Il 61032

DETROIT INDUSTRIAL TOOL
15222 KESWICK ST
Van Nuys, CA 91405

Douglas E. Lee
Ehrmann Gehlbach Badger Lee & Consi
215 E. First Street- P.O. Box 447
IL 62101

Fisher Excavating
1567 Heine Road
Freeport, IL 61032

FNH Ready Mix
PO Box 747
Freeport, IL 61032

Iron Workers Local 1
7720 Industrial Dr.
Forest Park, IL 60130

Iron Workers Local 498
5640 Sockness Dr
Rockford, IL 61109

Lake County Il Plasters & Cement Ma
915 National Parkway, Suite F
Schaumburg, IL 60173

Lincoln rental
3110 Auburn st
Rockford, IL 61101

Neal Richardson- WI
4949 Harrison Ave
Rockford, IL 61125

Nrai Corp. Ser
P.O. BOX 4349
Carol Stream, IL 60197

Oliver close, llc
P.o. Box 4749
124 n. Water st.
Rockford, il 61110

Quality Ready Mix
14849 Lyndon Rd
Morrison, il 61270

Ray Walton
620 La Fayetie St. Suite 300
Waterloo, IA 50704

Rock River Ready
PO Box 384
Dixon, IL 61021

Rock Solid Forming
30397 County Hwy X
Blue River, Wi 53518

SANCO
200 Qauker Road
Rockford, IL 61104

Super Aggregates
5435 Bull Valley Rd. STE. 330
McHenry, IL 60050

Super Mix
5435 Bull Valeey Road
Suite 330
McHenry, IL 60050

Super Usa
5435 Bull Valley Rd. Ste.330
McHenry, IL 60050

West bend Mutual
1900 S 18th Ave
West Bend, WI 53095

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Preferred Concrete & Excavating Inc. | ) | No. 16-81114 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Thomas M. Lynch |
| | ) | |

**THE REORGANIZED DEBTOR'S MOTION
FOR FINAL DECREE**

Preferred Concrete & Excavating Inc., through its attorney, O. Allan Fridman (the "Attorneys"), respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

**BACKGROUND**

1. On May 4, 2016, ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their financial affairs as debtors in possession. No trustee, examiner or committee has been appointed in these cases.

3. The Debtor Preferred Concrete & Excavating Inc., is a union concrete contractor engaged in concrete in construction in Northern Illinois and surrounding areas for the past 14 years.

1

4.  On July 31, 2017, the court entered an order confirming the Debtor's Fifth Amended Plan of reorganization,

5.  Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

6.  Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

7.  The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

    a) the order confirming the plan has become final;
    b) deposits required by the plan have been distributed;
    c) the property proposed by the plan to be transferred has been transferred; the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
    d) payments under the plan have commenced; and
    e) all motions, contested matters, and adversary proceedings have been finally resolved.

8.  Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223-24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538-

2

39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc.*, 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

9. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

10. Local Rule 3022-1 requires that the party moving to close the case shall state with

the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class Name | Treatment | Status of Payments/ Dates of Distribution |
| --- | --- | --- |
| Class 1 Administrative and Expense Claims | Unimpaired | Payments made according to terms of plan see Exhibit 1 |
| Class 2 Secured Claims of Internal Revenue Service | Unimpaired | Payments made according to terms of plan see Exhibit 1 |
| Class 3 Secured Tax Claims Illinois Department of Revenue | Unimpaired | Payments made according to terms of plan see Exhibit 1 |
| Class 4 Secured Claim of J.P. Morgan Chase | Unimpaired | Payments made according to terms of plan see Exhibit 1. |
| Class 5 Priority Pension Claims Laborers' Pension/Health/Welfare Funds | Unimpaired | Payments made according to terms of plan see Exhibit 1 |
| Class 6 Priority Claims the Construction Industry Welfare Fund of Rockford, Illinois and The Construction Industry Retirement Fund of Rockford, Illinois | Unimpaired | Payments made according to terms of plan see Exhibit 1 |

| | | |
|---|---|---|
| Class 7 Priority Claims of the Fox Valley Construction Workers Funds | Unimpaired | Payments made according to terms of plan see Exhibit 1 |
| Class 8 Priority Claims Illinois Department of Employment Security | Unimpaired | Payments made according to terms of plan see Exhibit 1 |
| Class 9 Unsecured Claim Illinois Department of Employment Security | Impaired | Payments made according to terms of plan see Exhibit 1. |
| Class 10 Unsecured Tax Claims Internal Revenue Service | Impaired | Payments made according to terms of plan see Exhibit 120.) |
| Class 11 Unsecured Pension Claims Laborers' Pension Health and Welfare Funds | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 12 Unsecured Pension Claims Structural Iron Workers Local Union 1 | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 13 Unsecured Pension Claims Structural Iron Workers Local Union 498 | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 14 Unsecured Cement Masons Union Local 502, Saving Fund Welfare and Pension | Impaired | Payments made according to terms of plan see Exhibit 1 |

| | | |
|---|---|---|
| Class 15 Unsecured Fox Valley Laborers Fringe Benefit Funds | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 16 Unsecured the Construction Industry Welfare Fund of Rockford, Illinois and The Construction Industry Retirement Fund of Rockford, Illinois | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 17 Unsecured Central Laborers' Pension Fund Proofs of Claims 10 and 11 | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 18 Unsecured Fox Valley Construction Workers Funds | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 19 Carpenters Pension Fund of Illinois | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 20 Convenience Class | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 21 General Unsecured Claims | Impaired | Payments made according to terms of plan see Exhibit 1 |

11.     In this case, the Confirmation Order has become a final order. The initial payments have been made as shown by Exhibit 1. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed,

as provided by the express language of section 350(a) of the Bankruptcy Code.

## **NOTICE**

12.    Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

13.    No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

                Respectfully Submitted,

                By: /s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)412-0788
6274954

7