**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Preferred Concrete & Excavating Inc. | ) | No. 16-81114 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Thomas M. Lynch |
| | ) | |

**NOTICE OF MOTION**

**To: Attached Service List**

     PLEASE TAKE NOTICE that on August 25, 2017 at 11:00 a.m., or a soon thereafter as Counsel may be heard I shall appear telephonically before the Honorable Judge Thomas M. Lynch or any other Judge sitting in his place, in Courtroom 3100, at The US Courthouse, 327 South Church Street, Rockford, IL 61101 shall there and then present FINAL APPLICATION OF O. ALLAN FRIDMAN FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF COSTS AS DEBTOR'S COUNSEL pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you.

                                                       /s/ O. Allan Fridman

     I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that to be served upon the following service list by mail on August 4, 2016.

            1. FINAL APPLICATION OF O. ALLAN FRIDMAN FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF COSTS AS DEBTORS' COUNSEL
            2. COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

                                                       /s/   O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788 (6274954)

## SERVICE LIST

By ECF Filing and Mail:

Patrick S Layng,
Office of the U.S. Trustee
Region 11
780 Regent Street Suite 304
 Madison, WI 53715
USTPRegion11.MD.ECF@usdoj.gov
Carole Ryczek, Trial Attorney
Region 11
Office of The United States Trustee
 780 Regent Street Suite 304
Madison, WI 53715

Patrick T. Wallace
Office of Fund Counsel
111 W. Jackson Blvd. Suite 1415
Chicago, IL 60604

wallace.patrick@gmail.com
Office of the U.S. Trustee

Kelly Carson
Laborers' Pension Welfare Funds
111 W Jackson Blvd, Suite 1415
Chicago, IL 60604
kellyc@chilpwf.com

Kim M. Casey
Holmstrom & Kennedy
800 N. Church Street
Rockford, IL 61103
kcasey@holmstromlaw.c

Richard A. Toth

Central Laborers' Pension Fund
Daley and Georges, Ltd.
20 S. Clark St., Suite 400
Chicago, IL 60603-1835
(312) 726-8797
(312) 726-8819 (fax)
rtoth@daleygeorge.com

Todd Miller
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive
Chicago, IL 60604
(773) 529-2853 f
tam@alloccomiller.comGerald and Connie  Hartman
PO Box 696
Freeport, IL 61032

### VIA Mail,

Fox Valley & Vicinity Construction
C/O Baum Sigman
Auerbach & Neuman,
200 West Adams Street
Chicago, IL 60606
cchapman@baumsigman.com
312-236-0241

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
PO Box7317
Philadelphia, PA 19101-7343

AL & BRIDGET SHERIFF
801 S. GREENFIELD DRIVE
Freeport, IL 61032

American Express
P.O. Box 981537
El Paso, TX 79998

B. B. SERVICE CO.
P.O. BOX 510037
New Berlin, WI

Bobcat Of Rkfd.
5925 Wheeler Rd.

Cherry Valley, Il 61016

Brokhausen Consul
131 N Bolton Road
Freeport, Il 61032

Butitta Bros.
1334 W. Galena Ave.
Freeport, Il 61032

Carpenters Pension Fund
Of Illinois
28 N 1st Street
Geneva, Il 60134

Cement Masons' Union,
Local 502,
Savings Fund, Welfare,
Pension

2

P.O. Box 71650
Chicago, Il 60694

Central Laborers
201 N Main St
Po Box 1267
South Willington, Ct 06265-1000

Const. Testing Serv
P.O. Box 8006
Elburn, Il 60119

Countryman, Inc.
Po Box 2302
Loves Park, Il 61131

D. & D. Penticoff
253 W. Cleveland St
Freeport, Il 61032

DETROIT INDUSTRIAL TOOL
15222 KESWICK ST
Van Nuys, CA 91405

Douglas E. Lee
Ehrmann Gehlbach Badger Lee & Consi
215 E. First Street- P.O. Box 447
IL 62101

Fisher Excavating
1567 Heine Road
Freeport, IL 61032

FNH Ready Mix
PO Box 747
Freeport, IL 61032

Iron Workers Local 1
7720 Industrial Dr.
Forest Park, IL 60130

Iron Workers Local 498

5640 Sockness Dr
Rockford, IL 61109

Lake County Il Plasters & Cement Ma
915 National Parkway, Suite F
Schaumburg, IL 60173

Lincoln rental
3110 Auburn st
Rockford, IL 61101

Neal Richardson- WI
4949 Harrison Ave
Rockford, IL 61125

Nrai Corp. Ser
P.O. BOX 4349
Carol Stream, IL 60197

Oliver close, llc
P.o. Box 4749
124 n. Water st.
Rockford, il 61110

Quality Ready Mix
14849 Lyndon Rd
Morrison, il 61270

Ray Walton
620 La Fayetie St. Suite 300
Waterloo, IA 50704

Rock River Ready
PO Box 384
Dixon, IL 61021

Rock Solid Forming
30397 County Hwy X
Blue River, Wi 53518

SANCO
200 Qauker Road

Rockford, IL 61104

Super Aggregates
5435 Bull Valley Rd. STE. 330
McHenry, IL 60050

Super Mix
5435 Bull Valeey Road
Suite 330
McHenry, IL 60050

Super Usa
5435 Bull Valley Rd. Ste.330
McHenry, IL 60050

West bend Mutual
1900 S 18th Ave
West Bend, WI 53095

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Preferred Concrete & Excavating Inc. | ) | No. 16-81114 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Thomas M. Lynch |
| | ) | |

**FINAL APPLICATION OF O. ALLAN FRIDMAN FOR
COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD
DECEMBER 13, 2016 THROUGH AUGUST 4, 2017**

Preferred Concrete & Excavating Inc., debtor and debtor in possession, pursuant to 11 U.S.C. §§ 327, 330 and 331, a hereby submit this Final Fee Application (the "Fee Application") in the amount of $32,886.25 for legal services rendered during the period December 13, 2016 through August 4, 2017 and $1,414.20 in costs. In support thereof, Counsel respectfully states as follows:

**BACKGROUND**

1.  On May 4, 2016, ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2.  On June 8, 2016, this Court entered an Order Approving Debtors' employment of O. Allan Fridman as Debtor's bankruptcy counsel in the Chapter 11 Cases retroactive to the Petition Date.

3.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their financial affairs as debtors in possession. No trustee, examiner or committee has been appointed in these cases.

1

4.  The Debtor Preferred Concrete & Excavating Inc., is a union concrete contractor engaged in concrete in construction in Northern Illinois and surrounding areas for the past 14 years.

5.  During the course of this bankruptcy the Debtor has filed a plan of reorganization, negotiated and settled a prepetition claim netting the estate $54,283.96 while reducing debt by nearly $42,000. The Debtor has negotiated an agreed cash collateral order with its secured Lender the IRS, and has continued to operate on interim cash collateral orders.

6.  On January 11, 2017, the Court granted the Defendants First Interim application of Compensation in the amount of $27,522.40 in fees and expenses. Counsel applied the pre-petition retainer to the awarded fees and expenses.

7.  On July 31, 2017, the court entered an order confirming the Debtor's Fifth Amended Plan of reorganization, reducing the Debtors unsecured debts in excess of 1.4 million to just 10% paid over a five-year period in semi- annual payments. The Confirmed plan of reorganization provided for a 100% a repayment of its secured and priority obligation to the Internal Revenue Service, Illinois Department of Revenue and Illinois Department of Employment Securities.

**Narrative Summary of Services**

8.  A narrative summary of the services rendered by O. Allan Fridman during the period December 13, 2016 through August 4, 2017 is set forth below. Itemized and detailed descriptions of the specific services rendered by O. Allan Fridman to the Debtors during this period are reflected on the billing statements attached hereto as Exhibits A-H. The billing statements set forth the name of the attorney, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

9.     The services rendered by Counsel during the period December 13, 2016 through August 4, 2017 have been segregated into Eight (8) categories as follows: (A) Case Administration; (B) Cash Collateral Financing (C) Plan/Disclosure Statement; (D) Claims Administrator (E) confirmation hearing (F) Fee Petition (G) Travel. The time expended in each billing categories is set forth below, and summarized as O. Allan Fridman for a total of 94.15 hours at $375.00 per hour.

10.    The hourly rates listed above are customary and reasonable and are the same hourly rates charged by O. Allan Fridman for non-bankruptcy clients for other matters.

11.    Pursuant to local rule 5082-1 the fees sought by in each of the aforesaid billing categories are summarized as follows:

| EXHIBIT | TITLE OF CATEGORY | TIME INVOLVED | AMOUNT SOUGHT |
|---|---|---|---|
| A | Case Administration | 13.70 | $5,137.50 |
| B | Cash Collateral Financing | 2.70 | $1,012.50 |
| C | Plan / Disclosure Statement | 29.00 | $10,875.00 |
| D | Claims Administration / Creditor Issues | 3.70 | $1,387.50 |
| E | Confirmation Hearing | 32.35 | $12,131.25 |
| F | Fee Petition | 3 | $1,125.00 |
| G | Travel | 8.8 | $880.00 |
|  | **Total Fees** |  | $32,886.25 |
| H | Costs |  | **1,414.20** |
|  | **Total Fees** | **94.15** | **$34,300.45** |
|  |  |  |  |

12.    There has been no duplication of services. When two or more professionals participated in any activity, such joint participation was necessary because of either the complexity of the problems involved or the need to familiarize each professional with the matters at issue so

3

that each professional could perform further necessary work.

13. In the event the Debtor does not have sufficient funds to pay the Attorneys' entire fee award all at one time and that the Attorneys will have to make reasonable accommodations as to the payment of any award. However, as provided in the Bankruptcy Code, the Attorney is entitled to an award that is not contingent upon such accommodation or otherwise uncertain.

14. The tasks performed by Counsel in each of the listed categories and expenses incurred by Counsel are set forth in the attached exhibits and are summarized as follows:

EXHIBIT A – General Case Administration: This category includes the following: attendance at court hearings relating to status; communications and meetings with Debtor; and review of Debtors financial documents. This category administrative matters with the United State Trustee relating to the Debtor's reporting requirements. Counsel also obtained approval to pay prepetition suppliers from construction escrows and to allow use of credit cards for Debtor for convenience purposes. Counsel spent 13.70 hours of attorney time on the foregoing services for a total fee of $5,137.50 as is more fully described in Exhibit A.

EXHIBIT B – Cash Collateral Financing: This category includes the following: review of the Secured Mortgage Lenders and assignment of rents, preparing budgets and negotiating with secured lenders for terms on cash collateral order. Counsel spent 2.70 hours of attorney time on the foregoing services for a total fee of $1,012.50 as is more fully described in Exhibit B.

EXHIBIT C – Plan of Reorganization / Disclosure Statement: This category includes the following: developing a strategy to reorganize the Debtors, including analysis of plan viability; meetings with Debtors' principal to discuss plan options and strategy; draft of amended disclosure statement and amended plans of reorganization, conferring with Creditors and the US Trustees relating to plan treatment and responding to confirmation issues. Counsel spent 29.00 hours of

4

attorney time on the foregoing services for a total fee of $10,875.00 as is more fully described in Exhibit C.

EXHIBIT D – Claims Administration / Creditor Issues: This category includes the following: drafting a motion to establish claims bar date and attendance at hearing on the motion; communications with various creditors relating to the filing of the Debtor's petition. This category includes objection to the priority claims of the Construction Industry Welfare Fund of Rockford, Illinois and & The Construction Industry Retirement Fund of Rockford, Illinois Claim 9-1 resulting in a reduction of a priority claim from $41,087.93 to $8,872.02. Counsel spent 3.70 hours of attorney time on the foregoing services for a total fee of $1,387.50, as is more fully described in Exhibit D.

EXHIBIT E – Confirmation Hearings: This category includes the following: preparing for confirmation hearings, preparing witnesses, preparing exhibits and attending the confirmation hearings. This category includes attendance at three confirmation hearings presenting direct testimony and several exhibits in order to confirm case. Counsel spent 32.35 hours of attorney time on the foregoing services for a total fee of $12,131.25, as is more fully described in Exhibit E.

EXHIBIT F – Fee Petition: This category includes preliminary work on drafting the Debtor's final fee application. Specifically, this required review of all of the Debtor's time entries for proper categorization; review for compliance with bankruptcy and local rules; calculation of fees/professional, fees/category and hours/professional; and the initial drafting of the application. Counsel spent 3.90 hours of attorney time on the foregoing services for a total fee of $1,462.50, as is more fully described in Exhibit F.

EXHIBIT G – Travel: This category includes travel to and from court for various Court hearings where telephonic appearance was impracticable such as confirmation hearings. Counsel

spent 8.8 hours of attorney time at the reduced rate of $100.00 per hour on the foregoing services for a total fee of $880.00, as is more fully described in Exhibit G.

15. The Debtor's Counsel respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, the costs of comparable services in other cases under Chapter 11, and that the time has been fairly and properly expended.

16. The Debtors Counsel expended a total of 94.15 hours for the services provided to the Debtors. Based on the hourly charges of Debtors Counsel set forth above, counsel requests that the Court determine and allow it $32,886.25 as compensation pursuant to Section 330 and 331 of the Bankruptcy Code. Upon this Court's granting of the Application, Counsel will be paid by the Debtor in installments as mutually agreed upon.

## APPLICABLE LEGAL STANDARDS AND CRITERIA

17. Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
> (B) reimbursement for actual, necessary expenses.
> 11 U.S.C. § 330(a)(1).

18. Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that [a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. * * *. . . services performed by attorneys representing Debtor must produce a benefit

19. *In re Grabill Corp.*, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.)

6

(citations omitted). In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the Bankruptcy Court for the Northern District of Illinois considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re McNichols*, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

20.  Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently. In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).

21.  The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. See *Steinlauf v. Continental Illinois Corp.* (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one in which the terms

7

of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

## APPLICATION OF RELEVANT CRITERIA
## AND STANDARDS TO THIS COMPENSATION REQUEST

22. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Counsel, the reasonableness of the services rendered and the extremely good results achieved. All of the services performed by Counsel were required for the proper representation of the Debtor in this case were authorized by the Court and were performed by Counsel at the request and direction of the Debtor. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Counsel's services are compensable.

23. The amount of services rendered by Counsel to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the volume and complexity of the issues involved in this case.

24. The hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of counsel in this case, and the risk of non-payment.

## STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504
## AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

25. No agreement exists between Counsel and any third party for the sharing of compensation received by Counsel in this case, except as allowed by the exception set forth in

8

section 504 of the Bankruptcy Code and Bankruptcy Rule 2016.

26. During the Application Period, Counsel has devoted 94.15 hours to represent the Debtor with respect to the categories listed in Exhibits A-G, and has provided the Debtor with actual and necessary legal services worth a total of at least $32,886.25 as final compensation and $184.49 in fees and Cost as detailed in Exhibit H.

27. A copy of the computer-generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibit A-G.

**NOTICE**

28. A copy of the Application has been sent to the Debtor and all parties entitled to notice via the Court's electronic notice system, including the United States Trustee and the creditors via email.

WHEREFORE, O. Allan Fridman, respectfully requests that the Court enter an Order:

A. Awarding him $32,886.25 as final compensation and $1,414.20 for costs, as set forth herein pursuant to Bankruptcy Code Section 330 and 331;

B. Granting such other and further relief as the Court deems just and proper.

By: /s/ O. Alan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)4120788
Atty Code: 6274954

9